IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JASON SAPP,
    Plaintiff,

vs.    Case No.:  3:12cv245/MCR/EMT

LINKED COMMUNICATIONS,
a business entity, and
PAUL FRANKLIN,
    Defendants.
_____/

# REPORT AND RECOMMENDATION

    Plaintiff, who is represented by counsel, filed suit against Defendant Paul Franklin, doing business as Defendant Linked Communications, for whom Plaintiff formerly worked, seeking unpaid compensation under the Fair Labor Standards Act ("FLSA"), *see* 29 U.S.C. § 201, *et seq.*  This matter is before the court on the parties' Third Amended Joint Motion for Court Approval of Settlement, Attorneys Fees and Costs, and their proposed Second Amended Settlement Agreement and Release (doc. 72, Attachment).

    The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N. D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B)(C), Fed. R. Civ. P. 72(b).  After careful consideration of the proposed Second Amended Settlement Agreement, it is the opinion of the undersigned that the parties' Third Amended Joint Motion for Court Approval of Settlement, Attorneys Fees and Costs (doc. 72) should be granted and their proposed Second Amended Settlement Agreement and Release (doc. 72, Attachment) approved.

    "Congress made the FLSA's provisions mandatory; thus the provisions are not subject to negotiation or bargaining between employers and employees."  Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352 (11th Cir. 1982).  The Eleventh Circuit explained in Lynn's Food Stores that claims for back wages under the FLSA may be settled or compromised only when the Department of Labor supervises the payment of back wages or when the court enters a stipulated judgment "after scrutinizing the settlement for fairness."  *Id.* at 1353.  More precisely, courts must

determine whether a compromise of a FLSA claim for wages represents "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355. This requirement applies even when an employer and a former employee agree on a settlement. Nall v. Mal-Motels, Inc., 723 F.3d 1304, 1307 (11th Cir. 2013). In a comprehensive review of Lynn's Food Stores and the principles underlining the FLSA, the Middle District of Florida described this inquiry as involving both internal and external factors. *See* Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1241–43 (M.D. Fla. 2010). The internal factors include the following principles: (1) the compromise must be fair and reasonable to the employee; (2) the compromise must resolve a bona fide dispute; (3) a confidentiality provision contravenes FLSA policy; (4) the compromise may not involve a prospective waiver of FLSA rights; and (5) the compromise must award reasonable attorney's fees. *See id.* The external factors necessary to the fairness inquiry involve determining whether the compromise otherwise frustrates the implementation of the FLSA, requiring the court to consider matters such as whether other employees are similarly situated or whether either the employer or the industry has a history of noncompliance. *Id.* at 1243–44. Additionally, broad releases of claims unrelated to the FLSA claim are generally disapproved in the FLSA context. *See,e.g.,* Moreno v. Regions Bank, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010) (stating "an employer is not entitled to use an FLSA claim (a matter arising from the employer's failing to comply with the FLSA) to leverage a release from liability unconnected to the FLSA").

The parties represent that they have reached a reasonable and fair resolution of Plaintiff's FLSA claim and related breach of contract claim against Defendants. Although Defendant Franklin, individually and as owner of the sole proprietorship Linked Communications (*see* docs. 22, 24), is proceeding pro se in this matter, the parties represent that they have engaged in good faith, arm's length negotiations in an effort to resolve the matter. The proposed Second Amended Settlement Agreement and Release corrects the legal deficiencies identified by the district judge upon review of the parties' first proposed settlement agreement (*see* docs. 43, 46). Moreover, the record indicates that a bona fide dispute existed regarding Plaintiff's entitlement to overtime pay during the 28-month period of time in which Plaintiff worked for Defendants. The settlement resolves the dispute by Defendants paying Plaintiff $3,250.00 in back wages, which the parties state is equivalent to the overtime potentially owed, without liquidated damages, or the amount of Plaintiff's breach of contract claim for damages of $7,750.00 minus the amount of Defendants' potential counterclaim for damages in the amount of $3,500.00 (*see* proposed Second Amended Settlement Agreement and Release ¶¶ 4–8). The parties are in agreement that the settlement represents a fair compromise of disputed issues. The settlement was reached after a period of discovery had been allowed. Plaintiff

does not prospectively waive any FLSA rights.  The release provision releases Defendants from any and all claims related to Plaintiff's claim of unpaid compensation and breach of contract.

The parties separately negotiated legal fees and costs, agreeing to a payment by Defendants of $6,250.00 in attorney's fees and $1,000.00 in costs.  The parties agree that such amount is reasonable and does not compromise or diminish Plaintiff's recovery.

Having carefully reviewed the proposed Second Amended Settlement Agreement, the undersigned finds that the terms of the settlement are fair and reasonable to the employee.  Also, the court finds no external impediments to approving it.  The agreement furthers the implementation of FLSA rights in the workplace.  Therefore, the undersigned recommends that the parties' Third Amended Joint Motion for Court Approval of Settlement, Attorneys Fees and Costs (doc. 72) be granted and their proposed Second Amended Settlement Agreement and Release (doc. 72, Attachment) approved.

Accordingly, it is respectfully **RECOMMENDED**:

1. That the parties' Third Amended Joint Motion for Court Approval of Settlement, Attorneys Fees and Costs (doc. 72) be **GRANTED** and the parties' proposed Second Amended Settlement Agreement and Release (doc. 72, Attachment) be **APPROVED**.

2. That the clerk of court be directed to enter final judgment pursuant to the parties' settlement, dismissing the case with prejudice and closing the file;

3. That there be no award of costs or attorneys' fees, as those matters are dealt with in the Second Amended Settlement Agreement and Release; and

4. That the court retain jurisdiction over this case for a period of ninety (90) days from the date an order is entered approving the Second Amended Settlement Agreement and Release.

At Pensacola, Florida this 13th day of March 2014.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  See **28 U.S.C. § 636**; United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**