UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JASON SAPP,

    Plaintiff,

v.                                    Case No. 3:12cv245/MCR/EMT

LINKED COMMUNICATIONS,
a business entity, and
PAUL FRANKLIN,

    Defendants.
_____/

## ORDER

This cause comes on for consideration upon the Chief Magistrate Judge's Report and Recommendation dated March 13, 2014 (doc. 73). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). No timely objections have been filed.

Having considered the Report and Recommendation, the Court has determined that the Report and Recommendation should be modified as set forth in the note below and otherwise adopted in full.[1]

Accordingly, it is now **ORDERED** as follows:

1.      The Chief Magistrate Judge's Report and Recommendation is adopted as

---

[1] In reviewing the parties' proposed settlement agreement for fairness, *see Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir.1982), the Court will not approve a compromise of FLSA rights that includes a prospective waiver of FLSA rights. *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1243 (M.D. Fla. 2010). Here, the parties' proposed agreement provides that Plaintiff agrees to release Defendants "from any and all claims, . . . whether known or unknown, . . . including *but not limited to* any claim which was or could have been raised in the lawsuit . . . , for any claim for unpaid wages . . . ." (Doc. 72-1, at 5) (emphasis added). This language may be reasonably construed as a prospective waiver of FLSA rights. However, the proposed agreement also states that "[i]n the event that any portion of [the] agreement is held to be unenforceable, the remainder of [the] agreement shall remain in force and effect." (*Id.* at 8). Thus, the proposed agreement is not enforceable as a prospective waiver of Plaintiff's FLSA rights but is due to be approved in all other respects.

modified herein and incorporated by reference in this Order.

2. The parties' Third Amended Joint Motion for Court Approval of Settlement, Attorneys Fees and Costs (doc. 72) is **GRANTED** and the parties' proposed Second Amended Settlement Agreement and Release (doc. 72, Attachment) is **APPROVED** as provided in this Order.

3. The Clerk is directed to enter final judgment pursuant to the parties' settlement agreement, dismissing the case with prejudice and closing the file;

4. There will be no award of costs or attorneys' fees, as those matters are dealt with in the Second Amended Settlement Agreement and Release; and

5. The Court retains jurisdiction to enforce the terms of the settlement agreement consistent with this Order.

**DONE and ORDERED** this 21st day of April, 2014.


*M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**